**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TRIDINETWORKS LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1062-CFC-CJB |
| | ) | |
| NXP-USA, INC. and NXP B.V., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pending in this patent infringement case brought by Plaintiff TriDiNetworks Ltd. ("Plaintiff") against Defendants NXP-USA, Inc. ("NXP-USA" or "Defendant") and NXP B.V. (collectively with NXP-USA, "Defendants") is NXP-USA's motion to dismiss the operative First Amended Complaint ("FAC") against it for failure to state a claim (the"Motion"), filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 13) For the reasons set forth below, the Court recommends the Motion be GRANTED-IN-PART and DENIED-IN-PART.

## I. BACKGROUND

The Court assumes familiarity with and incorporates by reference the summary of the background of this case set out in its May 7, 2020, Report and Recommendation ("May 7 R&R"), in which it recommended granting foreign Defendant NXP B.V.'s motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). (D.I. 43) Further relevant facts related to resolution of the Motion will be set out as needed in Section III.

The Motion was filed on October 18, 2019. (D.I. 13) Briefing on the Motion was completed on November 8, 2019. (D.I. 21)

## II. LEGAL STANDARD

Defendant's Motion was brought pursuant to Rule 12(b)(6).  The Court will review the Motion pursuant to the familiar two-part analysis set out in cases like *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); it incorporates the relevant legal standard set out in *Fowler* by reference herein.

## III.   DISCUSSION

In the FAC, Plaintiff brings five Counts against both Defendants, including NXP-USA. NXP-USA's Motion argues for dismissal of all Counts against it.  Below, the Court will analyze Defendant's arguments as to Count I (regarding direct infringement), then as to Counts II and II (regarding induced infringement) and then as to Counts IV and V (regarding contributory infringement).

### A.   Direct Infringement Under 35 U.S.C. § 271(a) (Count I)

In Count I, Plaintiff brings a claim for direct infringement of the patent-in-suit, United States Patent No. 8,437,276 (the "'276 patent") against both Defendants.  (D.I. 7 ("FAC") at ¶¶ 26-30)  In Count I, Plaintiff accuses both Defendants of a broad array of infringing conduct with regard to the accused products (which include certain "Smart Home" development kits, or "kits," including the "JN516x-EK004" or "JN516x Evaluation Kit").  (*Id.* at ¶¶ 25, 27)  But in its answering brief, Plaintiff narrowed its direct infringement theory.  There, Plaintiff asserted that the FAC at least plausibly alleges that NXP-USA makes the accused kits, and that it uses the kits by testing them and by demonstrating them at trade shows in the U.S.  (D.I. 18 at 7)

By the time it filed its reply brief, Defendant was challenging the sufficiency of these direct infringement allegations on only one ground:  that in the FAC, Plaintiff had impermissibly "lumped" it together with NXP B.V., without sufficiently identifying which Defendant was responsible for which act of direct infringement.  (D.I. 21 at 1-4)  To that end, it is not impermissible *per se* for a plaintiff to refer to multiple defendants collectively in a complaint.

2

But in order to sufficiently plead direct infringement as to each defendant, at some point the plaintiff has to plausibly and clearly allege that each individual defendant has engaged in at least one type of infringing act. *See Promos Techs., Inc. v. Samsung Elecs. Co.*, Civil Action No. 18-307-RGA, 2018 WL 5630585, at *3 (D. Del. Oct. 31, 2018); *N. Star Innovations, Inc. v. Toshiba Corp.*, Civil Action No. 16-115-LPS-CJB, 2016 WL 7107230, at *2 (D. Del. Dec. 6, 2016).

Paragraph 25 of the FAC (a part of Count I) sets out how at least the accused JN516x Evaluation Kit may be used to infringe at least method claim 1 of the patent-in-suit. (FAC at ¶ 25(a)-(h)) The first portion of that method claim regards creating a design for the claimed network. ('276 patent, col. 24:63-67; FAC at ¶ 25(a)-(b)) As to that step, the Court understands that Plaintiff's allegation is that this step is satisfied when "NXP" creates and pre-loads device profiles for expected connecting nodes at a factory (i.e., when it makes the kit). (*Id.* at ¶¶ 25, 27) And as for the remaining steps of the method claim, Plaintiff alleges that "NXP" "perform[s] steps c-h when demonstrating 'Smart Home' systems and also when testing 'Smart Home' components at the factory." (*Id.* at ¶ 25(g); *see also id.* at ¶¶ 18-19 (alleging that "NXP" promotes its products at trade shows))

It is true that when making these allegations, Plaintiff uses the collective term "NXP"—a term the FAC clearly means to refer to *both* Defendants. (*Id.* at ¶ 4) But then in paragraph 27 (also found in Count I), the FAC goes on to explicitly state that its allegations of direct infringement are asserted "including, without limitation [at] each of Defendant NXP[-USA[1]] and

---

[1]     Defendant takes issue with the fact that in this portion of Count I, Plaintiff actually lists NXP-USA's corporate name as "NXP Semiconductors US, Inc.[,]" (FAC at ¶ 27), which is an error, as there is no entity with that name, (D.I. 14 at 7; D.I. 21 at 3). But in light of the entirety of the FAC, it is clear that there Plaintiff intended to refer to NXP-USA. (D.I. 14 at 1 n.3; D.I. 18 at 4) The Court thus interprets this reference as such.

. . . NXP[] B.V."  (*Id.* at ¶ 27)  That is a direct statement that *NXP-USA* (via its employees) is

said to be committing the accused acts of direct infringement in the U.S.  And from what the

Court can glean from the FAC, it is not implausible that NXP-USA—a Defendant who, after all,

is based in the United States, (*id.* at ¶ 2)—actually *does* make these accused products in the U.S.,

test those products in the U.S. and demonstrate those products at U.S.-based trade shows.  (*See*

*also* D.I. 18 at 7 (Plaintiff's answering brief arguing the same))

Taking these allegations together, it is clear to the Court that both Defendants were

separately being accused of certain acts of direct infringement.[2]  And it is plausible that NXP-

USA actually commits such acts in the U.S.  Thus, the Court recommends denial of Defendant's

Motion as to Count I.

**B.     Induced Infringement Under 35 U.S.C. §§ 271(b) & (f)(1) (Counts II and III)**

In Counts II and III, Plaintiff brings claims for induced infringement against both

Defendants pursuant to 35 U.S.C. § 271(b) ("Section 271(b)") and § (f)(1) ("Section 271(f)(1)"),

respectively.  (FAC at ¶¶ 31-49)  Pursuant to Section 271(b), "[w]hoever actively induces

infringement of a patent shall be liable as an infringer."[3]  In order to prove induced infringement,

---

[2]     *Cf. N. Star Innovations, Inc.*, 2016 WL 7107230, at *2 (recommending grant of a motion to dismiss on the ground that the operative complaint unduly lumped respective defendants together when articulating allegations of direct infringement against them, but where "*nowhere* in any part of the [complaint was] it clearly alleged that either Defendant takes part in any *specific* infringing act—instead, it is vaguely alleged that they commit one 'or' another 'or' some 'or' all of the relevant possible acts that would amount to direct infringement" and where there were "no other factual allegations about the nature of Defendants' business, nor their activities in the United States") (certain emphasis added, certain emphasis in original).

[3]     Because Section 271(f)(1)—insofar as it relates to the required acts of inducement of direct infringement—includes the same legal requirements as does Section 271(b), the Court will analyze Defendants' Section 271(b) and Section 271(f) challenges here together.  *See Zoltek Corp. v. United States*, 672 F.3d 1309, 1334 n.6 (Fed. Cir. 2012) (Dyk, J., dissenting) ("The language of section 271(f) itself mimics the language of the indirect infringement provisions of sections 271(b) and (c).")

the patentee "must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotation marks and citations omitted); *see also Symantec Corp. v. Comput. Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292-93 (Fed. Cir. 2008) ("Thus, 'inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'") (citation omitted). A complaint stating a claim for induced infringement must therefore allege facts that, taken as true, plausibly demonstrate: (1) the existence of at least one direct infringer; (2) that the defendant took acts that induced direct infringement, while knowing that what it was inducing the direct infringer to do in fact constituted infringement of the patent; and (3) that defendant possessed the specific intent to encourage another's infringement. *See In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336, 1339 (Fed. Cir. 2012).

With its Motion, Defendant makes two arguments about why the allegations of indirect infringement against it are wanting. It argues that in Counts II and III, Plaintiff does not: (1) sufficiently identify a direct infringer and (2) sufficiently plead specific intent to induce infringement. (D.I. 14 at 13-15; D.I. 21 at 4-5; *see also* D.I. 18 at 8-10)

With regard to Defendant's first argument—that the FAC does not adequately identify a direct infringer, (D.I. 14 at 15; D.I. 21 at 4-5)—a plaintiff at this stage need not identify a specific alleged infringer; instead it need only "plead facts sufficient to allow an inference that at least one direct infringer exists." *Bill of Lading*, 681 F.3d at 1336; *see also E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*, Civ. Action No. 11-773-SLR-CJB, 2012 WL 4511258, at *4 (D. Del. Sept. 28, 2012). In paragraph 25(a) (located in Count I), Plaintiff

identifies two other direct infringers apart from Defendants themselves:  Defendant's "OEM customer[s]" and "end user[s,]" who are both alleged to perform the steps of method claim 1 of the '276 patent.  (FAC ¶ 25(a) & (g))  And in Count II, Plaintiff further alleges that "there are a substantial number of *such direct infringers* in the fields of lighting, heating, ventilation, and air conditioning (HVAC), and computer control industries who purchase [the accused products] and practice the claimed methods and use the claimed systems in accordance with directions supplied by NXP[.]"  (*Id*. at ¶ 35 (emphasis added))  This reference to the "direct infringers" is an apparent reference to the "OEM customers" (and also possibly "end user[s]") mentioned in Count I.  (*See* D.I. 18 at 8-9)  As such, Plaintiff has adequately alleged the existence of at least one direct infringer in Counts II and III.  *See Bill of Lading*, 681 F.3d at 1336 (finding the plaintiff to have sufficiently identified a direct infringer, when plaintiff alleged that non-specifically identified "trucking customers" of defendants infringed by allegedly practicing the method of the patent-in-suit from inside their truck cabs); *see also Valmont Indus., Inc. v. Lindsay Corp.*, Civil Action No. 15-042-LPS-CJB, 2018 WL 503255, at *3 (D. Del. Jan. 22, 2018).

As to Defendant's second argument regarding specific intent, that argument is not well made in Defendant's briefs.  (D.I. 14 at 14-15; D.I. 21 at 4-5)  To the extent the Court can understand it, Defendant's argument appears to be that because Plaintiff has failed to "identify[] specific products (or combinations thereof) or specific entities using such combinations[,]" it has filed to allege "the required specific intent[.]"  (D.I. 14 at 15; *see also* D.I. 21 at 5)  But as noted above, Plaintiff has identified persons or entities who are said to directly infringe.  And Plaintiff has alleged that the accused kits, including at least the JN516x Evaluation Kit, is a specific

accused product that is used to infringe.  (FAC at ¶ 25)  For these reasons then, Defendant's "specific intent" argument is not helpful to it.

For all of the above reasons, the Court recommends that the Motion be denied as to Counts II and III.

### C.    Contributory Infringement Under 35 U.S.C. §§ 271(c) & (f)(2) (Counts IV and V)

In Counts IV and V, Plaintiff brings claims for contributory infringement, pursuant to 35 U.S.C. § 271(c) ("Section 271(c)") and § 271(f)(2) ("Section 271(f)(2)").[4]  (FAC at ¶¶ 50-63)  To prove contributory infringement, a patentee must demonstrate that an alleged contributory infringer has sold, offered to sell or imported into the United States a material or apparatus for use in practicing a patented process "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use[.]"  35 U.S.C. § 271(c); *see also Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009).  Thus, in order to sufficiently plead a contributory infringement claim, the plaintiff must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Bill of Lading*, 681 F.3d at 1337; *see also Atrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (requiring the same of a plaintiff).

Here, Defendant's challenge is that Plaintiff has failed to "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" (D.I. 14 at 17 (citation omitted); *see also* D.I. 21 at 5)  From the FAC's allegations in Paragraph

---

[4]     Like Section 271(c), Section 271(f)(2) requires that the components of a patented invention have no substantial non-infringing use.  35 U.S.C. § 271(f)(2).  Thus, the Court will treat Defendant's arguments regarding Counts IV and V together.

25 (which articulate how at least the JN516x Evaluation Kit is allegedly used to infringe the patent), the Court can see that there are different components of this kit that when used together, are said to infringe.  (FAC at ¶ 25(a) (referencing "node hardware provided in the demonstration kit"); *id.* at ¶ 25(d) (referencing a "commissioning tool" that is a part of the kit and that is used to meet certain claim limitations))  But the FAC provides no information or factual basis for the Court to discern why it is plausible that these components can only be used together to infringe the patent claim, or that they do not have other substantial non-infringing uses.  (*Id*. at ¶ 52, 59 (Counts IV and V simply parroting the language of the "no substantial non-infringing use" requirement))  Nor did Plaintiff attempt to explain in its briefing why the FAC allows the inference that the kit or its components have no substantial non-infringing uses.  (D.I. 18 at 10)

For these reasons, the Court cannot understand how it is plausible that Counts IV and V state a claim for contributory infringement.  Therefore, it recommends that the Motion be granted as to these claims.  *See Välinge Innovation AB v. Halstead New England Corp.*, Civil Action No. 16-1082-LPS-CJB, 2017 WL 5196379, at *4 (D. Del. Nov. 9, 2017); *see also Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, Civil Action No. 13-2052-LPS, 2014 WL 4675316, at *7 n.8 (D. Del. Sept. 19, 2014).

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that Defendant's Motion be GRANTED as to Counts IV and V and DENIED as to Counts I, II and III.

With regard to Counts IV and V, because it is not clear to the Court that allowing the opportunity to amend would be a futile act, because this is the first time the Court has found these claims to be deficiently pleaded, and because leave to amend should be given freely "when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), the Court recommends that dismissal be without prejudice.  It further recommends that Plaintiff be given leave to file a further amended

complaint addressing the deficiencies outlined above and that, if the District Court affirms its decision herein, Plaintiff be given 14 days to file such an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2).  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.  *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated:  May 15, 2020

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE