**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TRIDINETWORKS LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>NXP-USA, INC. and NXP B.V.,<br><br>        Defendants. | C.A. No. 19-1062-CFC-CJB |
| TRIDINETWORKS LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY NETHERLANDS B.V.,<br><br>        Defendants. | C.A. No. 19-1063-CFC-CJB |
| TRIDINETWORKS LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>STMICROELECTRONICS, INC., and STMICROELECTRONICS INTERNATIONAL N.V., AND DOE-1 d/b/a "STMICROELECTRONICS,"<br><br>        Defendants. | C.A. No. 19-1064-CFC-CJB |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
FROM JEFFREY L. MOYER DATED 2-8-21
REGARDING DEFENDANTS' MOTION TO STRIKE
<u>PLAINTIFF'S UNTIMELY SUPPLEMENTAL EXPERT DECLARATION</u>**

Dear Judge Burke:

On February 1, 2021, four days before the close of expert discovery, Plaintiff served a supplemental expert declaration that was neither contemplated nor permitted by the Court's Scheduling Order (D.I. 60 in 1:19-cv-01064, D.I. 54 in 1:19-cv-01063, D.I. 54 in 1:19-cv-01062). Plaintiff took this liberty without advance notice to Defendants and, more importantly, without seeking leave of this Court. Plaintiff has argued the prejudice imposed by its untimely and unpermitted supplemental expert declaration can be cured with a supplemental declaration from Defendants. Because a party cannot unilaterally modify the Court's orders, a supplemental declaration does not adequately remedy this prejudice, and Plaintiff failed to justify its disregard of the Court's Scheduling Order and the local rules, Defendants respectfully move the Court to strike the February 1, 2021 Supplemental Declaration of Anthony G. Rowe.

## STATEMENT OF FACTS AND STAGE OF THE PROCEEDINGS

Paragraphs 1-3 of the Scheduling Order permit an opening expert declaration by Defendants, a responsive declaration by Plaintiff, and a rebuttal declaration by Defendants. The Order (which was mutually agreed upon by the Parties) neither contemplates nor permits any additional or supplemental expert declarations. To prevent the untimely disclosure of new issues, the Scheduling Order states that "no party may use depositions to introduce opinions or information beyond the scope of the parties' prior disclosures under numbered paragraphs 1 through 3 of this Order." Consistent with the Order, the parties served their respective expert declarations on November 4, December 4, and December 30, 2020. Neither side opted to depose the other party's expert.

But on February 1, 2021, nearly **five weeks** after Defendants' rebuttal declaration of Dr. Michael Caloyannides and only **four days** before the close of all expert discovery, TDN served a supplemental Rowe Declaration. TDN served this supplemental declaration without prior notice to any of the Defendants, without seeking Defendants' agreement, and without seeking leave of this Court. Plaintiff's supplemental declaration contains new issues and arguments not covered by their expert's original responsive declaration in direct violation of the Court's Scheduling Order.

When the parties met and conferred about TDN's untimely supplemental expert declaration, TDN offered to stipulate that Defendants may serve a further rebuttal to TDN's new supplemental expert declaration. Defendants believe that a rebuttal declaration must be permitted if TDN is allowed to serve its new supplemental expert declaration, but a further rebuttal declaration does not adequately resolve the prejudice imposed by TDN's purposeful delay, nor does it address Plaintiff's disregard for the practices before this Court.

## ARGUMENT

### I. LEGAL STANDARDS

The purpose of Rule 26's disclosure requirements "is to prevent a party from being unfairly surprised by the presentation of new evidence." *Alza Corp. v. Andrx Pharm.*, LLC, No. 05-642-JJF, 2008 WL 1886042, at *2 (D. Del. Apr. 28, 2008). In determining whether a violation of Rule 26(a) was harmless, courts consider: (1) the importance of the information withheld; (2) the prejudice to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence (the "*Pennypack*

1

factors"). *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir.1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir.1977)). Exclusion of "critical evidence" is an "extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791–92 (3d Cir.1994) (internal quotation marks omitted). The Court has discretion to determine whether to exclude the evidence. *See id.* at 749.

## II. TDN FAILED TO COMPLY WITH RULE 26, RULE 37, AND THE COURT'S SCHEDULING ORDER

Courts regularly admonish parties against TDN's tactics. *See Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp. 2d 460, 468 (D. Del. 2006) (holding that the "cumulative effect" of the movant's trial tactics are best described as "trial by ambush" and the exclusion of a supplemental expert report out-of-time was proper). The Court's Scheduling Order makes that prohibition express: "no party may use depositions to introduce opinions or information beyond the scope of the parties' prior disclosures under numbered paragraphs 1 through 3 of this Order." TDN's February 1 supplemental expert declaration violates both this principle and the Court's Scheduling Order.

### A. TDN Cannot Justify a Supplemental Declaration, Regardless of Delay.

TDN claims its new supplemental declaration (Ex. G) "addresses a discrete point first raised in the reply declaration" of Dr. Caloyannides. Ex. A (cover email from counsel for TDN attaching untimely Rowe declaration). Not so. Dr. Caloyannides did not raise a new point in his rebuttal.

In his opening declaration Dr. Caloyannides explains that the configuration adapters described in the '276 Patent were conventional computer components performing conventional computer operations. Ex. B (Caloyannides Opening Decl. ¶¶ 36-49). Dr. Rowe's response argues that a configuration adapter could not be considered conventional computer technology because memory devices suitable for use as a configuration adapter were not available "off-the-shelf" in 2007.[1] Ex. C (Rowe Decl. ¶ 62). To prove this point, Dr. Rowe picked a 2010 press release and 2017 and 2019 data sheets discussing recent memory devices offered by NXP and STMicroelectronics. Ex. C (Rowe Decl. ¶ 62); Ex. D (Rowe Decl., Exhibits D, E, F). But these documents do not prove the non-existence of similar devices in prior years. Dr. Rowe did not provide any catalogues of memory devices from prior years, Ex. C (Rowe Decl. ¶¶ 39, 62), nor did he otherwise show that technology had changed over time.

In his rebuttal declaration, Dr. Caloyannides pinpointed the flaw in Dr. Rowe's analysis and presented a document that contradicted Dr. Rowe's assertion. Ex. E (Caloyannides Rebuttal Decl. ¶¶ 77-79). That document, a product specification published by Philips Semiconductors in 2004, shows that other major companies were offering similar products with the same features, functions, and capabilities as early as 2004. Ex. E (Caloyannides Rebuttal Decl. ¶ 78); Ex. F (Caloyannides Rebuttal Decl. Ex. A). Dr. Caloyannides' rebuttal declaration responded to the flawed opinion offered by Dr. Rowe. Ex. E (Caloyannides Rebuttal Decl. ¶ 77). It is exactly the type of analysis

---

[1] This is a "red herring." Dr. Caloyannides explained in his rebuttal declaration that conventional components cannot be equated to off-the-shelf parts because components may or may not be available off-the-shelf for a variety of reasons unrelated to their conventionality. Ex. E (Caloyannides Rebuttal Decl. ¶¶ 60-66).

2

and evidence one would expect to receive in a rebuttal expert declaration. *Intellectual Ventures I LLC v. AT&T Mobility LLC,* No. 12-193-LPS, 2017 WL 478565, *5 (D. Del. Jan. 31, 2017).

In the nearly five weeks following its receipt of Dr. Caloyannides' rebuttal declaration, TDN did not once meet and confer with Defendants about any alleged new issues in Dr. Caloyannides' declaration. It did not attempt to confront Dr. Caloyannides about purported new issues through a deposition. The reason is simple; Dr. Caloyannides' rebuttal declaration does not raise new issues.

Because Dr. Caloyannides' rebuttal declaration does not raise a new point, it cannot form the basis of an untimely and prohibited supplemental expert declaration from TDN's expert, Dr. Rowe. While TDN is right to be concerned about the flawed analysis of its own expert, that concern does not justify its disregard for the Orders of and practices before this Court.

### B. *Pennypack* Factors.

#### 1. *Uncurable Prejudice and Likelihood of Disruption (Factors 2-4)*

TDN's untimely expert declaration has already distracted Defendants from their opening summary judgment brief with the necessity for preparing this Motion and a contingent further supplemental declaration from Dr. Caloyannides. While this disruption is not fatal, TDN should not be rewarded by being allowed to introduce an untimely and unjustified supplemental expert declaration.

TDN attempts to justify its self-help by offering to allow Defendants to serve a further supplemental expert declaration. The offer is presumptuous as it is misguided. The parties cannot unilaterally modify the Court's Scheduling Order; having Defendants submit another expert declaration serves to further distract Defendants from the upcoming summary judgment proceedings; and if TDN's untimely expert declaration is allowed to stand, it will shift the future dynamic between the parties. Defendants will be forced to examine every future agreement with TDN with an eye towards the possibility of whether TDN might be held to it. These prejudices, Defendants submit, are not curable with a supplemental declaration from Defendants' expert, Dr. Caloyannides.

#### 2. *The New Supplemental Rowe Declaration is Not Critical (Factor 1)*

Dr. Rowe's new supplemental declaration cannot be critical to TDN's case. The upcoming summary judgment proceeding is focused on the patentability of the "'276 Patent" under 35 U.S.C. § 101. It is a pure question of law. And much like a claim construction proceeding, this inquiry focuses on the intrinsic record of the patent. Expert opinions, while sometimes helpful, cannot change that intrinsic record. Moreover, this *Pennypack* factor would be stripped of meaning if allowing an expert to correct his flawed analysis can serve as a sufficient justification.

#### 3. *Failure to Explain, Bad Faith and Willfulness (Factors 5 and 6)*

TDN unilaterally violated this Court's Scheduling Order without any explanation. TDN did not raise its purported concerns about Dr. Caloyannides' rebuttal declaration through a meet and confer or through deposition. It also saw no need to seek leave to deviate from the Court's Scheduling Order—even after ST identified these issues during the meet and confer. Instead, based on a demonstrably untrue justification, TDN waited over four weeks to serve the new supplemental declaration, depriving Defendants the ability to confront Dr. Rowe through deposition.

                                      Respectfully submitted,

                                      */s/ Jeffrey L. Moyer*

                                      Jeffrey L. Moyer (#3309)

/kdm
cc:     All Counsel of Record (via CM/ECF e-filing)

4