IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRIDINETWORKS LTD.,<br><br>       Plaintiff,<br><br>v.<br><br>NXP-USA, INC. and NXP B.V.,<br><br>       Defendants. | No. 1:19-01062-CFC-CJB |
| TRIDINETWORKS LTD.,<br><br>       Plaintiff,<br><br>v.<br><br>SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY NETHERLANDS B.V.,<br><br>       Defendants. | No. 1:19-01063-CFC-CJB |
| TRIDINETWORKS LTD.,<br><br>       Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS, INC., and STMICROELECTRONICS INTERNATIONAL N.V., AND DOE-1 d/b/a "STMICROELECTRONICS,"<br><br>       Defendants. | No. 1:19-01064-CFC-CJB |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM DAVID L. FINGER DATED FEB. 16, 2021 IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE SUPPLEMENTAL EXPERT DECLARATION**

Defendants are unable to make their case attacking TriDiNetworks' '276 patent under § 101. They have to argue that the "configuration adapters" of the '276 Patent are conventional under the § 101 caselaw, which is their burden to meet, and there were no such adapters even on the market at the critical time.

Faced with TriDiNetworks' argument on this point in initial expert declarations, Defendants included a belated and technically incorrect argument in their expert reply declaration that a certain chip, not mentioned in their expert's opening report, functioned as a "configuration adapter" of the '276 Patent. TriDiNetworks' expert then submitted a two-page supplemental declaration on January 28, 2021 to counter this incorrect disclosure. Defendants wish the Court to strike this declaration because Defendants cannot make their case.

To the extent the Court disfavors the submission of Plaintiff's two-page expert declaration without leave, Plaintiff respectfully and hereby requests leave for this submission. This submission was made in lieu of any expert depositions and Plaintiff believes this two-page submission is the easiest, clearest, and most efficient way to present the Court with accurate technical facts. Plaintiff submits that striking this declaration would leave a misleading factual record and would be manifestly unjust.

**Background**

The '276 patent claims a method for designing, installing, and forming a network or wired and wireless devices. The method is aided by building "configuration adapters" into the devices to be networked, which need not be powered up when being "commissioned" in accordance with a design for the network.

The thrust of Defendants' § 101 argument is that the '276 patent claims an abstract idea, simply implemented using conventional computer technology, and toward that end, Defendants contend that a "configuration adapter" as recited in the patent claims was "a conventional computer component" **at the claimed time of invention.**

In an attempt to support these contentions, Defendants submitted an opening expert report, which contended that: "a POSITA would have considered the configuration adapter recited in claim 1 to be a conventional computer component prior to November 2007." D.I. 63-1 at 6, Par. 37.

If Defendants had an actual example of such an alleged "conventional computer component" on the market at the critical time, it should have been disclosed in Defendants' opening expert report. Defendants failed to provide any such disclosure.

Plaintiff's responding expert report noted Defendants' failure to provide any examples of such devices available on the market at the critical time, and confirmed that in fact such devices did not become available on the market until 2010 (after the claimed date of invention). D.I. 63-1 at 20, Par. 62.

Defendants' expert's reply declaration then introduced a new piece of evidence, the Philips PN-531 chip. Defendants' expert claimed in his rebuttal report that this Philips PN-531 chip "has all of the same components as the configuration adapter of the '276 Patent." D.I. 63-1 at 261, Par. 78. The Philips PN-531 chip, of course, was not mentioned in Defendants' expert's opening report.

The new matter inserted in Defendants' expert's rebuttal declaration should have been in his opening declaration. To the extent Defendants intend to rely on the assertion that a "configuration adapter" was somehow a "conventional computer component," it was their burden to show this fact, since it is a necessary element of their theory under § 101. Defendants cannot put in additional evidence to carry their burden for the first time in rebuttal.

Moreover, the assertion in Defendants' rebuttal declaration happened to be demonstrably false, in that the PN-531 chip clearly lacks the persistent internal storage element that is part of a configuration adapter, and further requires a host controller and power to operate, inconsistent with the '276 patent claims. Plaintiff served on Defendants on January 28, 2021 a two-page declaration by Prof. Rowe to this effect.

Defendants had until Feb. 5 to depose Prof. Rowe, but did not do so, even after receiving his supplemental report.

Defendants complained by email dated February 2, 2021 that Prof. Rowe's supplemental declaration was untimely. They sought a meet and confer, which took place on February 4. In the meet and confer, with Delaware counsel for all parties participating, *Defendants proposed*, and *Plaintiff* agreed that Defendants could submit a sur-rebuttal expert report on this point. One day later (Feb. 5), Defendants disavowed this agreement and stated they would make this motion, which they then did. [1] Defendants' motion states: "a rebuttal declaration must be permitted if

---

[1] Defendants have also insufficiently met and conferred in connection with their motion to strike. After the parties reached agreement at the February 4, 2021 meet and confer, Defendants agreed to circulate a draft stipulation for the Court. On February 5, 2021, Defendants' counsel, in disregard of the fact that the parties had a prior agreement, advised via email that they did not agree that a further supplemental declaration could cure the alleged prejudice and said Defendants would instead be moving to strike. Defendants did not request a further meet and confer to discuss this matter. Nor did they provide Plaintiff with an opportunity to request a further meet and confer itself. Instead, Defendants filed this motion to strike, and after being so directed, re-filed it in letter form.

Both versions of the motion inaccurately state: "*TDN offered* to stipulate that Defendants may serve a further rebuttal to TDN's new supplemental expert declaration" D.I. 63 (in the first case above, 19-cv-01062) at 1. Plaintiff's counsel informed Defendants' counsel of this misstatement by email on February 9 and requested that Defendants' counsel correct the record, and Defendants' counsel, responding the same day, refused. In fact, Defendants' counsel initiated this offer, and TDN considered and accepted it on the call. *See* accompanying Declaration of Ronald Abramson under Penalty of Perjury.

- 3 -

TDN is allowed to serve its new supplemental expert declaration." D.I. 63 at 2. This was the agreement of the parties and should be the outcome of this motion.

  Of course, Defendants want the Court to strike Plaintiff's two-page expert report, to deprive the Court of the truth about Defendants' own misleading submission as to the PN-351 chip, so they can close on a misleading record as to the technology. This would be manifestly unjust in creating an incomplete and misleading record whereby Defendants – with the burden of clear and convincing evidence – are attacking Plaintiff's patent. Plaintiff respectfully requests that its two-page supplemental expert declaration be allowed to stand so that the record before the Court, and on appeal, if necessary, is complete and accurate.

  Plaintiff respectfully submits that this motion may be resolved by giving Defendants the leave for a rebuttal declaration, in accordance with the parties' original agreement.

              Respectfully,

              /s/ David L. Finger

              (DE Bar ID #2556)

cc: All Counsel of Record (via CM/ECF e-filing)